# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

DAMIEN ROOKS,

    Plaintiff,

v.                                          CIVIL ACTION NO. 1:24-cv-00823

NC DEPARTMENT OF ADULT CORRECTION,

    Defendants.

## MEMORANDUM OPINION AND ORDER

The Court has reviewed the Plaintiff's *Amended Complaint* (Document 15), the *Defendant's Motion to Dismiss* (Document 19), the *Memorandum in Support of Defendant's Motion to Dismiss* (Document 20), the Plaintiff's *Memorandum in Opposition of Defendant's Motion to Dismiss* (Document 22), and the *Defendant's Reply to Opposition of Defendant's Motion to Dismiss [DE-22]* (Document 24), as well as all exhibits. For the reasons stated herein, the Court finds that the motion to dismiss should be granted in part and denied in part.

## FACTUAL ALLEGATIONS

The Plaintiff, Damien Rooks, applied for a job as a Correctional Officer with the Defendant, North Carolina Department of Adult Correction (NCDAC), at a job fair in February 2023. Mr. Rooks had previously worked for the North Carolina Department of Public Safety (NCDPS) as a Correctional Officer in 2021. He is now HIV positive. A representative at the job fair informed Mr. Rooks that he was eligible for rehire based on a computer background check,

and he received a job offer on February 28, 2023. On March 1, 2023, he traveled to Raleigh, North Carolina, to complete the on-boarding process, including fingerprinting.

He obtained a physical prior to the onboarding and learned that his HIV diagnosis would be in his file for the NCDAC. While at the onboarding, he noticed one of the individuals put on gloves and maintain a physical distance after reviewing his file, which included the HIV diagnosis. On March 2, 2023, he received a letter informing him that his job offer was being withdrawn. He was told that he was ineligible for rehire due to absences during his previous employment with NCDPS. He had doctor's notes for his absences. Mr. Rooks also has a previous conviction for assault, which he was told would require further research to determine his eligibility for the job. The conviction predates his previous employment with NCDPS. He contends that his job offer was revoked due to his HIV status, and the asserted reasons—the absences during his previous employment and his assault conviction—are false and pretextual.

Mr. Rooks brings the following causes of action: Count One – Violation of the ADA 42 U.S.C. §12101 *et seq.*; Count Two – Wrongful Discharge in Violation of Public Policy; and Count Three – Violation of Section 504 of the Rehabilitation Act of 1973. He seeks reinstatement to the same or a similar position, lost wages, compensatory damages, punitive damages, costs, attorney's fees, interest, and any other available relief.

**STANDARD OF REVIEW**

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted tests the legal sufficiency of a complaint or pleading. *Francis v. Giacomelli,* 588 F.3d 186, 192 (4th Cir. 2009); *Giarratano v. Johnson,* 521 F.3d 298, 302 (4th Cir. 2008). Federal Rule of Civil Procedure 8(a)(2) requires that a pleading

contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Additionally, allegations "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).

"[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (*quoting Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 555 (2007)). In other words, "a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Moreover, "a complaint [will not] suffice if it tenders naked assertions devoid of further factual enhancements." *Iqbal,* 556 U.S. at 678 (*quoting Twombly,* 550 U.S. at 557) (internal quotation marks omitted).

The Court must "accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). The Court must also "draw[ ] all reasonable factual inferences from those facts in the plaintiff's favor." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). However, statements of bare legal conclusions "are not entitled to the assumption of truth" and are insufficient to state a claim. *Iqbal,* 556 U.S. at 679. Furthermore, the court need not "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts., v. J.D. Assocs. Ltd. P'ship,* 213 F.3d 175, 180 (4th Cir. 2000). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice . . . [because courts] 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 555).

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 570). In other words, this "plausibility standard requires a plaintiff to demonstrate more than 'a sheer possibility that a defendant has acted unlawfully.'" *Francis,* 588 F.3d at 193 (quoting *Twombly,* 550 U.S. at 570). A plaintiff must, using the complaint, "articulate facts, when accepted as true, that 'show' that the plaintiff has stated a claim entitling him to relief." *Francis,* 588 F.3d at 193 (quoting *Twombly,* 550 U.S. at 557). "Determining whether a complaint states [on its face] a plausible claim for relief [which can survive a motion to dismiss] will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal,* 556 U.S. at 679.

**DISCUSSION**

The Defendant argues that the Plaintiff has failed to sufficiently plead facts that would establish that he has a disability, as required for his ADA and Rehabilitation Act claims. It contends that he "has not alleged *any* information on which the Court can draw a reasonable inference about how his HIV substantially limits *any* of his major life activities." (Def.'s Mem. at 6) (emphasis in original.) The Defendant further argues that the Plaintiff has not alleged sufficient facts to establish that his HIV status was the basis of the decision to withdraw his offer of employment. It contends that public records of his criminal history "confirm the actual, non-discriminatory reason for the withdrawal of the conditional offer." (*Id.* at 8.)[1] The Defendant

---

1 The Defendant attached records of Mr. Rooks' criminal convictions. Extrinsic evidence may be considered at the 12(b)(6) stage only if it is integral to and explicitly relied on in the complaint and its authenticity is not challenged. *Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004). Although the amended complaint references Mr. Rooks' assault conviction, the Court does not find records related to that conviction to be integral to his complaint alleging disability discrimination.

4

argues that the Court should decline to exercise jurisdiction over the remaining state law claim in the absence of any viable federal claim. In addition, it contends that North Carolina has waived its sovereign immunity for state employees to bring suit only before the North Carolina Office of Administrative Hearings, and sovereign immunity bars the Plaintiff's claim in any other venue.

The Plaintiff argues that it is not necessary to plead significant impairment of a major life activity because both the ADA and the Rehabilitation Act permit recovery when a plaintiff is "regarded" as having a qualifying disability. In addition, he cites precedent finding that an HIV infection is a disability for purposes of the ADA and the Rehabilitation Act. He further argues that the Defendant's assertions regarding the reason for revoking his job offer reflect factual disputes that cannot properly be resolved at the motion to dismiss stage. He notes that the Defendant's explanation has shifted from a negative employment reference, asserted before the EEOC, to the prior conviction asserted herein. Finally, he argues that because his federal claims should be permitted to go forward, the argument that the Court should decline to exercise supplemental jurisdiction over his state claim should be rejected. The Plaintiff did not respond to the Defendant's sovereign immunity argument with respect to Count Two.

In reply, the Defendant disputes the implication that its position as to the reason for revoking the Plaintiff's job offer changed between the EEOC and the present.[2] It contends that both the Plaintiff's conviction and the negative reference from a previous employer are independent non-discriminatory reasons for withdrawal of the conditional offer of employment.

---

2 Both parties submitted EEOC documents to support their arguments. Because the Plaintiff's amended complaint does appear to rely in part on evidence gathered during the EEOC complaint process, the Court finds that these documents may be considered. However, their consideration has no impact on the outcome of the motion to dismiss, because they do not conclusively resolve any issue presented.

5

The Fourth Circuit has addressed application of the ADA and Section 504 of the Rehabilitation Act, indicating that both "prohibit discrimination against an individual because of his or her disability." *Wicomico Nursing Home v. Padilla*, 910 F.3d 739, 750 (4th Cir. 2018). The analysis of the claims is "substantially the same." *Id.*

> To establish a violation of either statute, plaintiffs must prove (1) they have a disability; (2) they are otherwise qualified to receive the benefits of a public service, program, or activity; and (3) they were denied the benefits of such service, program or activity, or otherwise discriminated against, on the basis of their disability.

*Id.* (quoting *Nat'l Fed'n of the Blind v. Lamone*, 813 F.3d 494, 503 (4th Cir. 2016)). "The two statutes differ only with respect to the third element, causation." *Halpern v. Wake Forest Univ. Health Scis.*, 669 F.3d 454, 461 (4th Cir. 2012). The ADA requires proof that "the disability was a motivating cause of the exclusion," while the Rehabilitation Act requires that the plaintiff prove "he was excluded solely by reason of his disability." *Id.* at 461-62 (internal punctuation omitted) (citing *Baird ex rel. Baird v. Rose*, 192 F.3d 462, 468-69 (4th Cir. 1999)). A person is "qualified" to receive the benefits or services of a program if she "meets the essential eligibility requirements for participation in a program or activity," "with or without reasonable modifications to rules, policies, or practices." *Halpern*, 669 F.3d at 462 (internal quotation marks omitted).

The ADA defines "disability" as "a physical or mental impairment that substantially limits one or more major life activities…; a record of such an impairment; or being regarded as having such an impairment." 42 U.S.C. § 12102(1). The Supreme Court has found that an asymptomatic HIV infection constituted a disability. *Bragdon v. Abbott*, 524 U.S. 624, 642 (1998) (further describing the similar interpretations and application of the Rehabilitation Act in cases involving HIV).

The Court finds Mr. Rooks' allegations are sufficient to state a claim under the ADA and the Rehabilitation Act. He alleges that he has HIV, that his HIV disease causes "physical impairments that substantially limit one or more of his major life activities and major bodily functions," and that he is disabled within the meaning of the ADA. (Am. Compl. at ¶¶ 14-15.) Though the allegations track the language of the statute in some respects, the Court will not discount factual allegations simply because they mirror fact-specific statutory language. The Plaintiff does not assert discrimination based on a disability with no supportive factual allegations. He named the disease at issue. It is a disease that the Supreme Court has recognized as a disability. Even if improvements in medical care could alter the analysis from *Bragdon* (and any such argument could not properly be resolved at the pleading stage), others may regard HIV as an impairment, keeping it within the definition of a disability.

The Plaintiff also clearly pled sufficient facts to permit a jury to find that his disability was the reason for the withdrawal of the employment offer. He alleges that the Defendant previously hired him for a similar role despite his criminal record, and he alleges that the Defendant's agents treated him noticeably differently after reviewing paperwork that included his HIV diagnosis. The Defendant may well convince a jury that its decision not to employ Mr. Rooks had nothing to do with his HIV status and was instead based on non-discriminatory factors. However, the Court cannot weigh the evidence or resolve that question. Therefore, the Court finds that the motion to dismiss must be denied as to the ADA and Rehabilitation Act claims contained in Counts One and Three.

North Carolina recognizes a common-law claim for wrongful discharge in violation of public policy as an exception to the general rule of at-will employment. *Woody v. AccuQuest*

*Hearing Ctr., LLC*, 877 S.E.2d 1, 4 (N.C. Ct. App. 2022) (finding that terminating employment because of a disability would violate North Carolina public policy). "To state a claim for wrongful discharge in violation of public policy, an employee has the burden of pleading that his dismissal occurred for a reason that violates the public policy of North Carolina." *Efird v. Riley*, 342 F. Supp. 2d 413, 428 (M.D. N.C. 2004).

"Sovereign immunity ordinarily grants the state, its counties, and its public officials, in their official capacity, an unqualified and absolute immunity from lawsuits." *Phillips v. Gray*, 592 S.E.2d 229, 232 (N.C. Ct. App. 2004). "The complaint must specifically allege a waiver of governmental immunity to overcome a defense of sovereign immunity." *Id*. North Carolina courts have found that sovereign immunity bars wrongful discharge claims against state entities. *Swauger v. Univ. of N. Carolina at Charlotte*, 817 S.E.2d 434, 436 (N.C. Ct. App. 2018); *Hooper v. North Carolina*, 379 F. Supp. 2d 804, 814 (M.D.N.C. 2005) (collecting cases). The Plaintiff did not allege a waiver of government immunity or respond to the Defendant's assertion of sovereign immunity with respect to Count Two. Therefore, the Court finds that the motion to dismiss as to Count Two must be granted.

## CONCLUSION

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that the *Defendant's Motion to Dismiss* (Document 19) be **GRANTED** as to Count Two, alleging wrongful discharge in violation of public policy, and **DENIED** as to Count One and Count Three, alleging violation of the ADA and violation of Section 504 of the Rehabilitation Act.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER: August 20, 2025

_____
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA